In re Paul W. GEIGER, Debtor.

Paul W. GEIGER, Appellant,

v.

Margaret KAWAAUHAU and Solomon Kawaauhau, Appellees.

No. 95–3913.

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1996.

Decided Aug. 14, 1996.

Rehearing En Banc Granted; Opinion and Judgment Vacated Oct. 18, 1996.

Laura K. Grandy, Bellville, IL, argued (Kevin J. Stine, on the brief), for appellant.

Norman W. Pressman, St. Louis, MO, argued (Teresa A. Generous, on the brief), for appellee.

**444**

Before WOLLMAN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Dr. Paul Geiger appeals the judgment of a district court affirming a bankruptcy court's order refusing to discharge his debt to Margaret and Solomon Kawaauhau. We reverse.

## I.

The parties do not contest the relevant facts. Mrs. Kawaauhau sought treatment from Dr. Geiger after she injured her foot. Her leg was swollen and pus was discharging from beneath her big toe. Dr. Geiger admitted her to the hospital for treatment for thrombophlebitis and prescribed oral tetracycline. Dr. Geiger ran tests that suggested the presence of an infection, and concluded that continuing the tetracycline would be an effective treatment. He eventually prescribed oral penicillin in place of the tetracycline. (Dr. Geiger testified that he knew that intravenous penicillin would have been more effective than the oral penicillin, but he prescribed oral penicillin because he understood that Mrs. Kawaauhau wanted to minimize the cost of her treatment.) Dr. Geiger then departed on a business trip and left Mrs. Kawaauhau in the care of other physicians, who began to administer intramuscular penicillin and decided to transfer her to an infectious disease specialist. When Dr. Geiger returned from his trip, however, he canceled the transfer and discontinued all antibiotics because he believed that the infection had run its course. A few days later Mrs. Kawaauhau's condition deteriorated and her leg had to be amputated.

When the Kawaauhaus won an action for malpractice against Dr. Geiger he petitioned for bankruptcy. The Kawaauhaus then filed a complaint requesting the bankruptcy court to deny discharge of the malpractice judgment on the ground that it was a debt "for willful and malicious injury by the debtor." 11 U.S.C. § 523(a)(6). In the bankruptcy court's view, willful and malicious conduct included egregious behavior, utter incompetence, or a total disregard for medical standards. The bankruptcy court credited the opinion of the Kawaauhaus' expert witness, who testified that Mrs. Kawaauhau had received substandard care in the treatment of her leg. In the expert's opinion, moreover, Dr. Geiger's treatment permitted the infection to progress more rapidly than it would have if she had received proper treatment. The bankruptcy court concluded that Dr. Geiger's treatment was so far below the standard level of care as to be willful and malicious, and therefore refused to discharge the malpractice judgment. The district court affirmed the bankruptcy court's decision.

## II.

The parties express the belief that the outcome of this case ought to be influenced (indeed, might be controlled) by our holding in *In re Hartley*, 874 F.2d 1254 (8th Cir.1989) (en banc). But in *Hartley*, we simply left the result that the district court reached undisturbed because we were evenly divided on the merits of the appeal: We neither approved nor disapproved the district court's judgment, much less the reasoning that supported it. In other words, *Hartley* generated no precedent that would aid in the decision of the case before us.

Although we have not previously ruled on the precise question of whether medical malpractice judgments are dischargeable in bankruptcy, we have held that conduct that is merely reckless is not malicious within the meaning of the statute. *See Cassidy v. Minihan*, 794 F.2d 340, 344 (8th Cir.1986); *In re Long*, 774 F.2d 875, 880–81 (8th Cir.1985). We have expressed the belief that Congress intended "to allow discharge of liability for injuries unless the debtor intentionally inflicted an injury." *Cassidy*, 794 F.2d at 344. As a result, we found that a judgment for injuries caused by the debtor's drunk driving was dischargeable because the debtor was, at most, guilty of reckless conduct. *Id.*

Although it is certainly true that the record supports the conclusion that Dr. Geiger's treatment of Mrs. Kawaauhau was at the very least negligent, the bankruptcy court erred when it concluded that his conduct was willful and malicious. We believe that on the record before us the worst thing that can be

said about Dr. Geiger is that he acted recklessly in treating Mrs. Kawaauhau with relatively inexpensive antibiotics that were not as effective as more expensive ones, or in discontinuing antibiotics when he thought that the infection had run its course. The evidence showed only that Dr. Geiger failed to save Mrs. Kawaauhau's leg from the ravages of an infection, not that he intended to harm her. In other words, his efforts to treat Mrs. Kawaauhau were not calculated to result in the loss of her leg, and were therefore not malicious. The judgment debt is therefore properly dischargeable in bankruptcy.

## III.

For the foregoing reasons, we reverse the judgment of the district court affirming judgment of the bankruptcy court.